## MacDonald v. Metropolitan Life Insurance Company.

*Algernon R. Clapp*, for plaintiff; *Arthur G. Dickson*, for defendant.

LAMBERTON, J., Feb. 7, 1931.—The Metropolitan Life Insurance Company issued to Thomas W. MacDonald a policy of insurance, by which, in consideration of the payment of a premium of $9.90, the company agreed, among other things, to pay to Elizabeth M. MacDonald, wife of the insured, the sum of $5000 in case of the death of the insured by accident within a period of six months from July 18, 1929. The policy in question, in clause 11, provided that it might be renewed, with the consent of the company, upon each successive expiration, for further periods of six months each, upon the payment of the same premium; and provided further that there should be a renewal grace of thirty-one days within which said renewal might be made, during which period the insurance should continue in force, provided such payment should be made within the period of grace.

In paragraph 3, under the head "Standard Provisions," there was a further stipulation that if default should be made in the payment of the agreed premium, the subsequent acceptance of the premium by the company should "reinstate" the policy, but only to cover loss resulting from accidental injury thereafter sustained.

The original term of the policy expired on Jan. 18, 1930, and no renewal premium was paid within thirty-one days thereafter. On Feb. 25, 1930, however, MacDonald made an application to the company for reinstatement of the policy and paid the premium of $9.90. On March 1, 1930, the defendant formally acknowledged receipt of the premium and executed and delivered to MacDonald its receipt, providing that if the premium payment was made before the date due, or within thirty-one days thereafter, the policy should be continued in force, subject to all its terms and conditions, from noon of the date when the premium was due for the further period of six months. The premium receipt further provided, however, as follows: "Otherwise no insurance shall be in force subsequent to the 'date due,' unless and until such payment shall be made." The premium receipt stated the due date of the premium to be Jan. 18, 1930.

MacDonald, on Aug. 24, 1930, sustained bodily injuries in an accidental automobile collision, which injuries resulted in his death on the same day. Suit was brought by his widow, Elizabeth M. MacDonald, the beneficiary in the policy, to recover the sum of $5000.

All of the above facts are admitted by the affidavit of defense; but the defendant contests recovery on the ground that acceptance of the premium continued the old contract in effect for a term of six months commencing Jan. 18, 1930, the date on which the original term expired, and that, therefore, the new term expired on July 18, 1930, and the policy was not in effect on the date of the accident.

The plaintiff contends that the reinstatement of the policy constituted a new contract of insurance, dating from the time when the premium was accepted by the company, namely, March 1, 1930, and that, therefore, the new six months term extended until Sept. 1, 1930.

A rule was taken for judgment for want of a sufficient affidavit of defense.

It appears that the sole question at issue here is one of law, namely, the construction of written documents, and that there would be nothing, in any event, to submit to a jury. Nowhere in the application, the policy or the premium receipt does it appear definitely when the new term should start, under the circumstances of this case; but defendant contends that the use of the word "reinstate" lends itself to no interpretation other than that the new term commenced immediately upon the termination of the old.

If the contention of defendant is sound, then MacDonald, for the payment of the six months' premium, received insurance for only four months and eighteen days. Likewise, if the contention of defendant is sound, the payment of the premium five months after the expiration of the original term would have given MacDonald insurance for one month only, and the payment of the premium six months after the expiration of the original term would have given him no insurance at all.

It is admitted by defendant that the premiums on such policies did not increase with age, but remained constant. MacDonald could, therefore, have taken out a new policy, covering him for a full period of six months, by payment of the same premium.

The words "reinstate" and "reinstatement" are quite common in insurance contracts, and have been interpreted by the courts. Defendant is by no means correct in asserting that they lend themselves only to the interpretation for which it contends.

In the case of International Life Insurance Co. *v.* Mowbray, 22 Fed. Repr. (2nd) 952, decided by the United States Circuit Court of Appeals for the 7th Circuit, in 1927, the facts were practically on all fours with those in the instant case  In the cited case the policy had lapsed, and there was a renewal premium, which the insured could not require the company to accept, but which it did accept. The court said: "The narrow and precise question determinative of the present controversy turns upon the effect of the reinstatement of insurance by the Illinois company after the assured had lapsed the Iowa contract. . . . Whether the second contract was issued in pursuance of, and dependent for its existence upon, the express provision of the original contract must be determined by an examination of the policy as well as the facts showing the circumstances under which the reinsurance occurred. In other words, did the assured have an unqualified right to be reinstated, or was such reinsurance or reinstatement the result of a new negotiation or agreement."

The court then examined the contract and determined that the insured did not have an unqualified right to be reinstated, but that such reinstatement was a matter of grace on the part of the company. Having so determined, the court held that the reinstatement of the policy constituted a new contract of insurance.

To the same effect are the cases of Schmitt v. Massachusetts Protective Ass'n, 32 Fed. Repr. (2nd) 61, and Equitable Life Assur. Society v. McElroy, 83 Fed. Repr. 631; and in 32 Corpus Juris, 1357, appears the following: "Where a policy provides for reinstatement, but only as to losses subsequently occurring, the company, upon reinstatement of the policy, is not liable for a loss occurring while it was suspended. In such case, no part of the premium paid on reinstatement will be applied to the period during which the policy was not in force, unless the agreement of the parties so provides."

It is clear from the above citations that the defendant is not correct in arguing that the word "reinstatement" necessarily means a continuation of the old policy and of the old dates. The word reinstatement was used in the cases above cited, and yet the insurance contracts reinstated were held to be new contracts.

Applying to the case at bar the test set forth in the above cases, we find that the reinstatement of the policy was not a matter of right, but that it required the express approval of the insurance company. It constituted a new policy of insurance for a term of six months, commencing with the date when the company became liable by acceptance of the premium, namely, March 1, 1930. The reinstated policy was, therefore, in force at the date of MacDonald's death on Aug. 24, 1930.

And now, Feb. 7, 1931, the rule for judgment for want of a sufficient affidavit of defense is made absolute.